■ ANNE ELLS, Respondent, v. ALLEN KELLER, Appellant.— Order of filiation reversed, on the law and on the facts, and in the exercise of discretion the proceeding remanded for a new trial, without costs. While the defendant gave bizarre and incredible testimony, the proof on behalf of the complainant was also quite unsatisfactory to establish paternity — indeed, in some parts as bizarre as the testimony of defendant. Notably absent from the case was the testimony of a number of other witnesses, including defendant's mother, as well as the friend, who, on the testimony of both parties, was privy to many of the events that were supposed to have occurred. The issues are of moment to the parties and the child for whose benefit the proceeding lies; a thorough exploration is merited. Under the circumstances, in the interests of justice, a new trial is warranted. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN OYOLA, Appellant.— The record amply establishes the guilt of the defendant. Although the objection to the reception of the testimony of the defendant's wife with respect to his admissions should have been sustained, the error was harmless and did not substantially affect the defendant's rights. (Code Crim. Pro., § 542.) The judgment of conviction is unanimously affirmed. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.